423 So.2d 73 (1982)
LOUISIANA STATE EMPLOYEES' RETIREMENT SYSTEM, et al.
v.
STATE of Louisiana, Through the DEPARTMENT OF JUSTICE, et al.
No. 82 CA 0170.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
Writ Denied January 28, 1983.
Carlos G. Spaht, and William T. Reeves, Jr., Baton Rouge, for plaintiffs-appellees Louisiana State Employees' Retirement System, Teachers' Retirement System of Louisiana, Louisiana School Employees' Retirement System and Louisiana School Lunch Employees' Retirement System.
Patricia Nalley Bowers, New Orleans, for defendant-appellant State of La., Through Dept. of Justice and Through the Atty. Gen., William J. Guste, Jr.
*74 Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
The Louisiana State Employees' Retirement System, Teachers' Retirement System of Louisiana, Louisiana School Employees' Retirement System, and the Louisiana School Lunch Employees' Retirement System (appellees) brought suit for declaratory judgment seeking to resolve the question of their authority to invest funds belonging to their respective retirement systems in common stocks. Appellees are expressly authorized, pursuant to La.R.S. 42:647, La.R.S. 17:671, La.R.S. 17:961, and La.R.S. 17:1288, respectively, to invest in common stocks. The Attorney General for the State of Louisiana (appellant) rendered opinion No. 80-1049, dated August 29, 1980, wherein he concluded that the purchase of common stock by appellees was prohibited by Article 7, Section 14(A) of the Louisiana Constitution of 1974:
"Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise."
The trial court held that the language contained in Article 7, Section 14(A), was not applicable to appellees because the retirement system funds were not public/state funds, and the retirement boards were not "political subdivisions" as contemplated by the Constitution. The Attorney General has appealed. The issue presented on appeal is whether the Constitution prohibits appellees from subscribing to or purchasing common stock. Appellant argues that since the prohibition against purchase of common stock is plain and unambiguous that its language must be given effect. City of Baton Rouge v. Short, 345 So.2d 37 (La.1977). Appellees contend that there is no conflict between the Constitution and the statutes. They argue that the Constitution must be construed in its entirety, and when doing so, it is obvious that the prohibition is limited to "... the funds, credit, property, or things of value of the state or of any political subdivision."
In addressing this issue the trial court in its reasons for judgment stated:
"The two sentences of the article, when read together, as is necessary for a fair interpretation of the language used, explicitly forbid the use, by `the state or... any political subdivision', of public things for private enterprise including among other things a prohibition of the purchase of or subscription to the stock of a corporation."
Both sides cite Public Housing Admin. v. Housing Auth. of Bogalusa, 242 La. 519, 137 So.2d 315 (1961). In that case, the Supreme Court held that the Housing Authority of Bogalusa, a public corporation, would contravene the provisions of Article 4, Section 12, of the Louisiana Constitution of 1921[1], if the Housing Authority were permitted to purchase fire and extended coverage insurance in a mutual insurance company. Since such a purchase was found to be a prohibited subscription to capital, appellant argues that it is authority to likewise prevent appellees from subscribing to or purchasing common stock. However, appellees direct our attention to this language from Bogalusa, supra:
"Constitutional limitations, like those set forth in Section 12 of Article 4, are to be construed so as to give full meaning and effect to the language employed therein. `One part may qualify another so as to restrict its operation, or apply it otherwise than the natural construction would require if it stood by itself; but one part is not to be allowed to defeat *75 another, if by any reasonable construction the two can be made to stand together. Every provision should be construed, where possible, to give effect to every other provision.' 1 Cooley's Constitutional Limitations (8 ed.) 129." 137 So.2d at 320.
The facts of Bogalusa are inapposite on one critical point: the funds involved there were public/state funds. The funds involved here consist of contributions made by the individual members of the retirement systems and matching contributions by the State. The State contributions are in the nature of fringe benefits or additional compensation. The funds here belong to the members of the systems. Neither the State nor the general public has any proprietary interest in same. These funds are in trust for the members of the systems. Construing the article in its entirety, we hold that the constitutional aim was to prohibit the use of public/state funds for private investment, but that funds belonging to these retirement systems are not public/state funds as contemplated by Article 7, Section 14(A), and appellees may invest same in accordance with the statutory authority vested in them in La.R.S. 42:647, La.R.S. 17:671, La.R.S. 17:961, and La.R.S. 17:1288. The decision of the trial court is affirmed at appellant's costs. Costs in this matter amount to $352.44.
AFFIRMED.
NOTES
[1] The pertinent language thereof provided:

"The funds, credit, property or things of value of the State, or of any political corporation thereof, shall not be loaned, pledged or granted to or for any person or persons, associations or corporations, public or private; nor shall the State, nor any political corporation, purchase or subscribe to the capital stock or stock of any corporation or association whatever, or for any private enterprise."