LOTTINGER, Judge.
This is a suit by Frank J. Shea against the Louisiana State Employees’ Retirement System and its director, Vernon L. Strickland, for a writ of mandamus. From a judgment granting the writ of mandamus, defendants appeal.
FACTS
Plaintiff has been a judge of the Criminal District Court for the Parish of Orleans since September 16, 1963. As a judge, plaintiff is a member of the Louisiana State Employees’ Retirement System pursuant to La.R.S. 13:11. This suit was filed alleging that plaintiff should no longer be required to make employee contributions to the defendant retirement system.
As of May 15, 1986, one month before this suit was filed, plaintiff had credit with the system for three years of service which was transferred from the District Attorney’s Retirement System and twenty-three years of service as a judge of the Criminal District Court for the Parish of Orleans. Plaintiffs credit which was transferred from the District Attorney's Retirement System entitles plaintiff to a retirement benefit formula of two and one-half percent per year for such service. As of May 15, 1986, the plaintiffs service credit entitled him to eighty-eight percent of his average compensation (three years at two and one-half percent — 7.5%—plus twenty-three years at three and one-half percent — 80.5%—equals eighty-eight percent). Plaintiff has not retired, but is currently serving as a judge of the Criminal District Court for the Parish of Orleans.
TRIAL COURT
The trial court rendered judgment issuing a writ of mandamus directing that the unused portion of plaintiff’s annual vacation time be carried over into the next calendar year and accumulated year to year, that all of the plaintiff’s unused accumulated annual vacation time was to be credited to the increase of the retirement benefit contribution of the plaintiff (converted to retirement system credit) prior to his retirement, and that no further deduction shall be effected by defendant from plaintiff.
ASSIGNMENTS OF ERROR
In appealing, defendants contend the trial court erred in determining that:
1. any unused portion of vacation time conferred pursuant to La.R.S. 13:1342 carries over into the next calendar year and accumulates from year to year;
2. any unused portion of vacation time conferred pursuant to La.R.S. 13:1342 could be converted to membership credit in the defendant-retirement system pursuant to La.R.S. 42:421 and 563;
3. unused vacation time could be converted to membership credit in the defendant-retirement system prior to actual retirement; and
4. the plaintiff is no longer required to pay employee contributions to the defendant-retirement system.
*616 I
The basis of plaintiffs argument is that under La.R.S. 13:1342, as a judge of the Criminal District Court for the Parish of Orleans, plaintiff is entitled to two and one-half months vacation time per year; that under La.R.S. 42:421 and 563 plaintiff is allowed to accrue and accumulate annual leave; and that under La.R.S. 42:658 if plaintiffs accrued and accumulated annual leave is combined with his earned credit in the defendant retirement system, he will have earned benefits equal to one hundred percent of his average compensation and no further contributions shall be required of him.
II
Pretermitting the issue of whether the annual vacation granted Criminal District Court Judges for the Parish of Orleans can be carried forward from one year to another and thus accrued and accumulated, it must be determined whether plaintiff falls within the ambit of La.R.S. 42:421 and 563.
III
La.R.S. 42:421 provides:
A. No officer or ex-officer of the state or of any state agency, appointed by the governor shall be paid anything by the state or any state agency for any time which may elapse after separation from his office or employment either under the guise of paying for annual leave which accrued to and was unused by him prior to separation or under any other guise whatsoever.
B. No limitation shall be placed upon the amount of annual leave which any employee of the state or of any state agency may accrue during the period of his employment; provided, however, that any employee of the state or of any state agency shall accrue annual leave at the same rate as is provided for members of the classified service of the state by the Civil Service Commission; and provided, further, that any employee or ex-employee of the state or of any state agency may be paid for accrued annual leave amounting to the same maximum as is provided for members of the classified service of the state by the Civil Service Commission as approved by the governor after his separation from his office or employment if the annual leave has been accrued under established leave regulations and an attendance record has been maintained for the employee by his supervisor. When an employee covered by this Subsection retires, or whenever any such employee dies while still a member of any retirement system to which the state contributes in whole or in part and before retirement, leaving a surviving spouse or dependent or both who are entitled to benefits from said system, his unused accumulated annual leave in excess of the amount for which payment is received, as above provided, shall be added to his membership service. The employee’s unused accumulated annual leave shall not be used to determine eligibility for retirement, but shall be credited to the member only after it is determined that the member is otherwise eligible for retirement.
A careful reading of section 421 is necessary for a clear understanding of what is intended. Paragraph A simply prohibits an officer or ex-officer of the state appointed by the governor from receiving the benefits of accrued annual leave. Since plaintiff is an elected official, Paragraph A does not apply.
Paragraph B consists of three sentences. The first sentence provides 1) that no limitation shall be placed on the amount of annual leave any employee may accrue, 2) that the accrued annual leave shall be at the same rate as is provided for members of the classified civil service, and 3) that the employee or ex-employee may be paid for accrued annual leave after his separation from his office or employment. The second sentence provides that “[w]hen an employee covered by this Subsection retires,” thus requiring that the employee be retired. The third sentence prohibits the use of unused accumulated annual leave to determine retirement eligibility. The second part of sentence three, “but shall be credited to the member only after it is *617 determined that the member is otherwise eligible for retirement” is merely complementary of the second sentence and does not change the requirement that the employee must retire to acquire the benefits of unused accrued annual leave.
Therefore, we conclude that Section 421 only applies to employees after their separation from employment or retirement.
IV
At the time this suit was filed, June 16, 1986, La.R.S. 42:563[1] provided:
A.All accumulated annual leave for which payment cannot be made in accordance with law and all unused sick leave accumulated at the time of retirement shall be credited to the member on the following basis:
Percentage Days of a year
1-26 10
27-52 20
53-78 30
79-104 40
105-130 50
Days Percentage of a year
131-156 60
157-182 70
183-208 ' 80
209-234 90
235-260 100
There shall be no limit to the amount of unused sick and annual leave that a member may convert to retirement credit on the basis of the above formula. No member, survivor, or beneficiary shall use any accumulated unused sick and annual leave to attain eligibility for any benefits provided by this Chapter.
B. The agency must submit to the board a report of unused sick and annual leave, computed in days only, plus unreported earnings and contributions immediately after the member retires.
C. When extending credit for unused leave, fractional days of one-half or more shall be granted as one day and less than one-half day shall be disregarded. A member retiring out of state service *618 shall not be allowed to use unused sick and annual leave to extend service credit unless he had a vested right thereto at the time he terminated his state service. Additional membership service for unused sick and annual leave shall not be used in computation of average compensation. (Emphasis added).
Section 563 speaks in terms of “at the time of retirement,” “after the member retires,” and “[a] member retiring out of state service,” thus evidencing an intention that Section 563 is applicable only when the employee has retired.
V
Inasmuch as plaintiff has not retired, the trial court was in error in ordering the crediting of unused accrued annual leave. Prior to the time plaintiff retires, unused accrued annual leave cannot be utilized to enhance retirement benefits.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and plaintiffs suit is dismissed at plaintiffs costs.
REVERSED AND RENDERED.

. Act 414 of 1986, effective August 30, 1986, amended La.R.S. 42:563 to read as follows:
A.(1) All unused annual and sick leave which has been accrued and accumulated under rules and regulations as established by the Louisiana Civil Service Commission by an employee of the state, except as hereinafter provided, and for which payment cannot be made in accordance with law at the time of retirement, shall be credited at the time of retirement to the member on the following basis:
Percentage _Days of a Year
1-26 10
27-52 20
53-78 30
79-104 40
105-130 SO
131-156 60
157-182 70
183-208 80
209-234 90
235-260 100
(2) There shall be no limit to the amount of unused sick and annual leave that a member may convert to retirement credit on the basis of the above formula. No member, survivor, or beneficiary shall use any accumulated unused sick and annual leave to attain eligibility for any benefits provided by this Chapter.
B. The agency must submit to the board a report of unused sick and annual leave, computed in days only, plus unreported earnings and contributions immediately after the member retires.
C. When extending credit for unused leave, fractional days of one-half or more shall be granted as one day and less than one-half day shall be disregarded. A member retiring out of state service shall not be allowed to use unused sick and annual leave to extend service credit unless he had a vested right thereto at the time he terminated his state service. Any member who had previously terminated his employment for any period of time but who later becomes reemployed as an active contributing member shall have contributed to the system for not less than eighteen months subsequent to his reemployment date before using converted unused sick and annual leave for purposes of benefit computation. Additional membership service for unused sick and annual leave shall not be used in computation of average compensation.
D. The provisions of this Section shall be applicable to all officers and employees in state service except those officials appointed by the governor whose appointment must be confirmed by the Senate and except all elected officials.