Dear Ms. Brown:
You have requested the opinion of this office on whether an employee of a state retirement board is legally permitted to enter into a consulting or professional services contract with a state executive branch agency. It is necessary to define state retirement boards in order to determine whether an employee of such a board falls under the contractual prohibition set forth in R.S. 39:1498(4).
R.S. 39:1498 provides in pertinent part, the following:
 Before approving a proposed contract for professional, personal, consulting, or social services, the director of the office of contractual review or an assistant shall have determined that:
 (4) No current state employee will engage in the performance of the proposed contract except as provided for in R.S. 39:1498.2.
The exceptions in R.S. 39:1498.2 only pertain to such things as state agency medical personnel, interpreters for the deaf, and university faculty members. Therefore, if state retirement board personnel are considered state employees, there is a prohibition against such employees entering into consulting or professional services contracts with state executive branch agencies.
Both the Louisiana State Employees' Retirement System and the Teachers' Retirement System of Louisiana have been transferred to within the Department of the Treasury by R.S. 36:769. This statute provides in part, as follows:
 D. The following agencies, as defined by R.S. 36:3, and the boards of each, except the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, are transferred to and shall be within the Department of the Treasury, as provided in R.S. 36:801.3:
(1) Louisiana State Employees' Retirement System (R.S. 42:541 — 42:699)
(6) Teachers' Retirement System of Louisiana (R.S. 17:571 — 17:764)
Furthermore, the Department of the Treasury is designated as a department of the executive branch of state government in R.S. 36:4(20).
The status of retirement system funds was determined in Louisiana State Employees' Retirement System v. State, 423 So.2d 73 (La.App. 1 Cir. 1982). However, the fact that these funds are not classified as public — state funds is irrelevant to the present inquiry.
It is the opinion of this office that state retirement board employees are state employees through the board's connection with the Department of the Treasury, and as such must be precluded from entering into consulting or professional services contracts with state executive branch agencies. The clear language of R.S. 39:1498(4) prohibits such agreements unless the employee qualifies under the exceptions in R.S. 39:1498.2. This employee does not fall within these exceptions.
I trust this answers your inquiry. If I can be of further assistance, please do not hesitate to contact me.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD/vls-0131z