Dear Mr. Carrier:
You have requested an opinion of the Attorney General regarding the defined benefits retirement program established by Lane Memorial Hospital (Lane) for its employees. You state that the plan is funded through payroll deduction by employee contributions as well as hospital funds. The funds are transferred to Premier Bank who is the trustee for, and the administrator of, the plan. You further state that the plan does not fall under ERISA requirements and is therefore, not insured by the Pension Guaranty Corporation.
You ask whether the employee/employer contributions are subject to the state's local depository laws requiring collateralization.
LSA-R.S. 39:1211 et seq., comprises the state's local depository laws. Section 1211 provides:
 "The term `local depositing authorities' includes all parishes, municipalities, boards, commissions, sheriffs and tax collectors, judges, clerks of court, and any other public bodies or officers of any parish, municipality or township, but it does not include the state and its elected officials, and state commissions, boards and other state agencies."
Hospital service districts constitute political subdivisions of the state. See Attorney General Opinion Nos. 91-483, 89-578, and 86-17. As such, they are subject to the provisions of our local depository laws.
Section 1212, provides:
 "After the expiration of existing contracts, all funds of local depositing authorities shall be deposited daily whenever practicable, in the fiscal agency provided for, upon the terms and conditions and in the manner set forth in this Chapter. Deposits shall be made in the name of the depositing authority authorized by law to have custody and control over the disbursements." (Emphasis added.)
Section 1225, provides:
 "The amount of security shall at all time be equal to one hundred per cent of the amount on deposit to the credit of each depositing authority except that portion of the deposits insured by any governmental agency insuring bank deposits which is organized under the laws of the United States." (Emphasis added.)
Based on the above statutory provisions, it is clear that the funds received by Lane must be deposited on a daily basis, whenever practicable, in the fiscal agency and fully collateralized to the extent those deposits exceed the amount insured by the FDIC. The issue presented is whether these collateralization requirements extend to retirement contributions.
The issue of the nature and ownership of retirement contributions was considered in Louisiana State Employees' Retirement System, et al. v. State of Louisiana, 423 So.2d 73
(La.App. 1 Cir. 1982), Writ Denied. Therein, the Court concluded:
 "The funds involved here consist of contributions made by the individual members of the retirement systems and matching contributions by the State. The State contributions are in the nature of fringe benefits or additional compensation. The funds here belong to the members of the systems. Neither the State nor the general public has any proprietary interest in same. The funds are in trust for the members of the system. Construing the article in its entirety, we hold that the constitutional aim was to prohibit the use of public/state funds for private investment, but that funds belonging to these retirement systems are not public/state funds as contemplated by Article VII, Section 14(A) and appellees may invest same in accordance with the statutory authority vested in them . . ."
While the issue before the First Circuit concerned a state retirement program, we are of the opinion that the principles espoused by the Court relative to the nature and ownership of contributions applies equally to Lane's retirement program.
Accordingly, since the retirement contributions are not public funds on deposit to the credit of Lane, we are of the opinion that the collateralization requirements of LSA-R.S.39:1225 are not applicable to said funds.
We have been advised by Mr. Claude Rollin of the Legal Division of the FDIC in Washington, D.C. that state law, and the jurisprudence interpretive thereof are determinative of collateralization requirements. However, he did note that, depending upon the type of retirement program, and the nature and extent of the employer's record-keeping, FDIC insurance coverage may be applicable to the contributions of each individual participant. I would therefore recommend that you contact Mr. Rollin for further information about your particular plan. His telephone number is (202) 898-3985.
Should you have any additional questions concerning this matter, please do not hesitate to contact us.
With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III/lbw