Dear Representative Bruneau:
This office is in receipt of your correspondence requesting our opinion regarding the printing of the Component Unit Financial Report published by the Teachers' Retirement System. In particular, you are interested in determining if this publication complies with the provisions of R.S. 43:31.
Your letters raise three questions for our consideration:
 1. Are the funds held and administered by the Teachers' Retirement System "public funds"?
 2. Are the retirement systems in the executive branch of government?
 3. Must the retirement systems comply with the provisions of R.S. 43:31, particularly section B thereof, regarding public printing?
Your first question must be addressed in light of Louisiana State Retirement System v State, Dept. of Justice, 423 So.2d 73
(La.App. 1st Cir. 1982), wherein the retirement systems brought suit for declaratory judgment, after the Attorney General issued an opinion that the retirement system could not purchase common stock, in accordance with Const. Art. VII, Sec. 14, which prohibits such purchases with public funds.
The court stated:
 "The funds involved here consist of contributions made by the individual members of the retirement systems and matching contributions of the State. The State contributions are in the nature of fringe benefits or additional compensation. The funds here belong to the members of the systems. Neither the State nor the general public has any proprietary interest in same. These funds are in trust for the members of the systems. . . . funds belonging to these retirement systems are not public funds/state funds as contemplated by Article VII, Sec. 14 (A), and appellees may invest same in accordance with the statutory authority vested in them . . ." (Emphasis added)
In light of the above-quoted decision, this office is constrained to opine that the funds held and administered by the Teachers' Retirement System are not "public funds", but instead belong to the members of the Teachers' Retirement System.
With regard to your second question, I am enclosing a copy of Attorney General's Opinion No. 93-676, which is pertinent to your inquiry. That opinion states:
 "In accordance with R.S. 36:769 (D) [the Executive Reorganization Act], the four state retirement systems [including the Teachers' Retirement System], the Municipal Employees' Retirement System of Louisiana, the Firefighters' Retirement System and the Municipal Police Employees' Retirement System were `. . . transferred to and shall be within the Department of the Treasury, as provided in R.S. 36:801.3.' Subsequently, this provision was amended to delete the references to the three statewide systems.
 "In our opinion, the state retirement systems, being a part of the Department of the Treasury, must be considered to be state agencies. . . . It is our further opinion that the statewide systems can be considered to be state agencies, or at a minimum, entities or instrumentalities of the state".
Please be advised that, in our opinion, the state and the statewide retirement systems are within the Executive Branch of the government of this state.
In response to your third question, we note that R.S. 43:31
provides, in part, as follows:
 "A. (1) No branch, department, agency, official, employee, or other entity of state government for which a budget has been approved and for which an appropriation has been made or a transfer of funds effected pursuant to law shall print or cause to be printed any bulletin, leaflet, . . . house organ, circular, book, report, or similar publication, except those required by law.
 * * * * * * * * * * * * * * * * * * * * * * * * * *
 "B. (2) All printed matter . . . printed or caused to be printed by any branch, department, agency, official, employee, or other entity of state government, shall contain the following statement, with required information inserted, printed on the publication: `This public document was published at a total cost of $ ___. (number) copies of this public document were published in this (number) printing at a cost of $ ___. The total cost of all printings of this document, including reprints, is $ ___. This document was published by (name, address of person, firm or corporation or agency which printed the material) to (statement of purpose) under authority of (citation of law requiring publication or of special exception by division of administration, the legislative budgetary control council, or the judicial budgetary control as provided in Subsection A). This material was printed in accordance with the standards for printing by state agencies established pursuant to R.S. 43:31.' If the printing of the material was not done by a state agency, the above statement shall include the following additional language: `Printing of this material was purchased in accordance with the provisions of Title 43 of the Louisiana Revised Statutes." This statement shall be printed in the same size type as the body copy of the document and shall be set in a box composed of a one-point rule."
As you noted to us in your second letter, 43:31A may be limited in application to state agencies, entities, etc. that are appropriated and operate on public funds. As previously stated, the First Circuit Court of Appeal has determined that the funds administered by the retirement systems are not public funds. Furthermore, we are advised by Mr. Tommy Reeves, General Counsel to the Teachers' Retirement System, that the Teachers' Retirement System budget is not approved by the Legislature, or any other governmental unit, after its adoption by the Board of Trustees. Additionally, although the Appropriations Act (Act 14 of the 1993 Regular Legislative Session) does contain appropriations for some of the retirement systems, Mr. Reeves advises that the appropriation to the Teachers' Retirement System is for the purpose of funding certain additional retirement benefits for a particular group of retirees.
It is, however, the opinion of this office that R.S. 43:31B does apply to both the state and the statewide retirement systems, including the Teachers' Retirement System. Unlike R.S.43:31A, R.S. 43:31B is not limited to agencies or entities of the state "for which a budget has been approved and for which an appropriation has been made or a transfer of funds effected". Rather, R.S. 43:31B applies to printed matter ". . . printed or caused to be printed by any branch, department, agency, official, employee, or other entity of state government . . ." (emphasis added). In our opinion, documents printed by the retirement systems must contain the statement required by R.S. 43:31B.
In addition to your request for an Attorney General's opinion, you have asked this office to take appropriate action to collect, on behalf of the state, the cost of the printing of the Teachers' Retirement System Component Unit Financial Report from those responsible for its publication. In this regard, we note that R.S. 43:31F provides:
 "Any administrative head of any branch, department, agency, or entity who violates any provision of this Section and any employee who, without the authorization of his administrative superior, violates any provision of this Section shall be personally liable for the cost of any printing in violation of this Section. Any state funds expended on any printing in violation of this Section may be recovered by the state in a civil action instituted by the attorney general or any taxpayer. In addition, any such person who violates the provisions of this Section shall be assessed a fine by the court of not more than five hundred dollars."
As previously stated, the First Circuit Court of Appeal has determined that the funds held and administered by the retirement systems are not public funds, but instead belong to the members of the retirement systems. As there are no "state funds" to recover, it would be inappropriate for this office to file a civil collection action in accordance with 43:31F.
You have suggested, in correspondence to the undersigned, that R.S. 43:31F provides, in the third sentence thereof, for a fine "separate and distinct from a suit for the cost of recovery", and that even if no state funds are utilized, "a violation of the printing law may be punished by a civil violation of not more than $500.00".
This office must respectfully disagree with your suggestion. In our opinion, the use of the words "In addition" and "any such person" in the third sentence of R.S. 43:31F modify the second sentence thereof. The second sentence clearly refers to and is limited to the expenditure of state funds. As such, we are of the opinion that the fine cannot be pursued singularly, but only in connection with an action for the recovery of state funds.
In reaching our determination regarding an action for the fine, we are guided by the following rules of statutory construction:
Words and phrases shall be read with their context and shall be construed according to common and approved usage of language. R.S. 1:3. In determining legislative intention as expressed in a particular statute, all of the component parts of a statute must be considered together. Washington Parish Police Jury v. Washington Parish Hospital Service District No. 1,152 So.2d 362 (La.App. 1st Cir., 1963), writ ref., 156 So.2d 883. In construing a statute, all parts thereof should be construed together. Reynolds v. Baldwin, 1 La.Ann. 162 (1846).
We trust this opinion to be of assistance to you. Please do not hesitate to contact this office if we can be of further assistance.
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Jeanne-Marie Zeringue Barham Assistant Attorney General