Dear Mr. Reeves:
I am in receipt of your request on behalf of the Teacher's Retirement System of Louisiana concerning the payment for unused annual leave which is credited to its unclassified employees. Specifically, you seek a response to the following question:
 Whether an unclassified employee of the Board of Trustees may be paid for any balance of unused annual leave in excess of the 300 hours required by State Civil service and also whether the Board of Trustees is obligated to pay for such leave.
The creation of the Teachers' Retirement System of Louisiana (hereinafter referred to as TRSLA) is mandated by Article X, Section29(A) of the Louisiana Constitution, which provides as follows:
 Louisiana Public School Employees. The legislature shall provide for retirement of teachers and other employees of the public educational system through establishment of one or more retirement systems. Membership in such a retirement system shall be a contractual relationship between employee and employer, and the state shall guarantee benefits payable to a member or retiree or to his lawful beneficiary upon his death.
The Legislature has enacted various laws governing the expenses of operating the Teachers' Retirement System. LSA-R.S. 11:830 states the following concerning the officers and employees:
 The board of trustees shall elect from its membership a chairman and shall by a majority vote of all its members appoint a director and assistant directors. The board of trustees shall engage such actuarial and other service as shall be required to transact the business of the retirement system. The compensation of all persons engaged by the board of trustees and all other expenses of the board necessary for the operation of the retirement system shall be paid at such rates and in such amounts as the board of trustees shall approve.
Our office has been provided with a portion of the Executive Level Employees Policy Manual for the TRSLA which deals with compensation and benefit structure. It states:
 The Board of Trustees has sole responsibility of establishing any compensation or benefit entitlement that are not specifically established by State law or specifically precluded by State law. In instances where questions arise as to the legal constraints of any compensation or benefit establishment, the Board may consult with its own General Counsel or obtain legal guidance from external sources.
B(2) of that section states the following concerning leave:
 Leave. Annual and sick (for employees not already entitled to such leave) — executive level employees will be provided leave benefits in accordance with State Civil Service guidelines applicable to TRSL. The Board may however approve exceptions to these guidelines when appropriate (i.e. new hire).
We assume these provisions are the only relevant provisions concerning compensation of benefit entitlements as well as annual leave.
Section 11.10 of the Civil Service rules provides the following in pertinent part concerning the payment for annual leave upon separation:
 (a) Subject to rule 11.18(a) and sub-section (b) of this rule, each employee upon separation from the classified service shall be paid the value of his accrued annual leave in a lump sum disregarding any final fraction of an hour; provided, that the privileges of this rule shall not extend to any employee who is dismissed for theft of agency funds or property. The payment for such level shall be computed as follows:
 * * *
 (b) No terminal payment for annual leave earned under these rules shall exceed the value of 300 hours, computed on the basis of the employee's hourly rate of pay (includes base supplement) at the time of his separation.
As discussed in Attorney General Opinion No. 93-676, state retirement systems must be considered as state agencies. Therefore, they are subject to legislative control and oversight pursuant to the situation.
The Court of Appeal in Louisiana State Retirement System vs. StateDepartment of Justice, 82-0170 (La.App. 1st Cir. 11/16/82), 423 So.2d 73, held that all of the powers vested in retirement systems are clearly statutory as opposed to constitutional and can be amended to provide investment and expenditure restrictions and oversight.
LSA-R.S. 42:421B provides the following concerning Annual Leave for any employee of the state or any state agency and the limitation on the amount of payment in lieu thereof.
No limitation shall be placed upon the amount of annual leave which anyemployee of the state or of any state agency may accrue during the periodof his employment; provided, however, that any employee of the state or of any state agency shall accrue annual leave at the same rate as is provided for members of the classified service of the state by the Civil Service Commission; and provided, further, that any employee or ex-employee of the state or of any state agency may be paid for accrued annual leave amounting to the same maximum as is provided for members of the classified service of the state by the Civil Service commission as approved by the governor after his separation from his office or employment if the annual leave has been accrued under established leaveregulations and an attendance record has been maintained for the employeeby his supervisor. When an employee covered by this subsection retires, or whenever any such employee dies while still a member of any retirement system to which the state contributes in whole or in part and before retirement, leaving a surviving spouse or dependent or both who are entitled to benefits from said system, his unused accumulated annualleave in excess of the amount for which payment is received, as aboveprovided, shall be added to his membership service. The employee's unused accumulated annual leave shall not be used to determine eligibility for retirement, but shall be credited to the member only after it is determined that the member is otherwise eligible for retirement. (Emphasis Added).
In Shea vs. Louisiana State Employees' Retirement, 87-0118 (La.App. 1st Cir. 2/23/88), 521 So.2d 614, the First Circuit Court of Appeal held that LSA-R.S. 42:421B which provides that no limitation shall be placed on the amount of annual leave an employee may accrue and that an ex-employee may be paid for accrued annual leave after his separation from his office or employment only applies to employees after their separation from employment or retirement.
As discussed by the Court:
 Paragraph B consists of three sentences. The first sentence provides 1) that no limitation shall be placed on the amount of annual leave any employee may accrue, 2) that the accrued annual leave shall be at the same rate as is provided for members of the classified civil service, and 3) that the employee or ex-employee may be paid for accrued annual leave after his separation from his office or employment. The second sentence provides that "[w]hen an employee covered by this Subsection retires," thus requiring that the employee be retired. The third sentence prohibits the use of unused accumulated annual leave to determine retirement eligibility. The second part of sentence three, "but shall be credited to the member only after it is determined that the member is otherwise eligible for retirement" is merely complementary of the second sentence and does not change the requirement that the employee must retire to acquire the benefits of unused accrued annual leave.
 Therefore, we conclude that section 421 only applies to employees after their separation from employment or retirement.
The Court held:
 Inasmuch as plaintiff has not retired, the trial court was in error in ordering the crediting of unused accrued annual leave. Prior to the time plaintiff retires, unused accrued annual leave cannot be utilized to enhance retirement benefits.
In Attorney General Opinion No. 78-1295, our office opined the following concerning LSA-R.S. 42:421(B):
 This statute allows any employee of the state or a state agency to be paid for unused annual leave after separation from employment. The limit is for 300 hours. The leave must have been accrued under established leave regulations and an attendance record must have been maintained for the employee. Therefore, the employee in question would only be eligible for the payment of up to 300 hours of unused accumulated annual leave if it was accrued under established leave regulations and an attendance record was maintained for the employee.
You seek an opinion as to whether an unclassified employee of the Board of Trustees may be paid for any balance of unused annual leave in excess of the 300 hours mandated by State Civil service and whether the Board of Trustees is obligated to pay for such leave. Since state retirement systems are considered as state agencies and since all power vested in retirement systems are clearly statutory and can be regulated statutorily, LSA-R.S. 42:421 applies to the present situation. LSA-R.S.42:421B places no limitation on the amount of annual leave which any employee of a state agency may accrue. However, the statute and the jurisprudence interpreting this statute requires that accrued annual leave beyond the maximum as is provided for members of the classified service of the state by the Civil Service Commission upon separation from service can only be used by employees after retirement. That is, an employee upon separation from service can be paid the value of his accrued annual leave in a lump sum up to the value of 300 hours as provided in Civil Service rule 11.10. Any hours over and above this shall be added to an employee's membership service after the employee retires.
In conclusion, an unclassified employee of the Board of Trustees can not be paid a lump sum for any balance of unused annual leave in excess of the 300 hours accrued at the time of resignation as required by State Civil Service. Therefore, your second question does not need to be addressed.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL
RPI:BCR:sc