Dear Ms. Dunn:
You requested the opinion of this office concerning whether a state or statewide retirement system board or the members of such a board, may expend system funds to lobby the legislature?
As you noted, R.S. 43:31(D) prohibits any "branch, department, agency,official, employee, or other entity of state government" from expending "funds of, administered by, or under the control of any branch, department, agency, employee, official, or other entity of state government . . . to lobby for or against any proposition or matter having the effect of law being considered by the legislature. . ." (Emphasis added) This statute specifically exempts from its provisions "the normal dissemination of factual information relative to a . . . proposition or matter having the effect of law being considered by the legislature. . ."
While retirement system funds are not considered public funds[1], R.S. 43:31(D) does not limit its application to public funds but rather the prohibition applies to the expenditure of "funds of, administered by, or under the control of any branch, department, agency, employee, official, or other entity of state government . . ." Under R.S. 43:31, the controlling factor appears to be if the individual is an official, employer or other entity "of state government" using the state entity's funds to lobby.[2] State and statewide retirement systems are executive branch agencies of the state, or at a minimum, entities or instrumentalities of the state.[3] Accordingly, the prohibition found in R.S. 43:31(D) does apply to the state and statewide retirement systems. However, as authorized by R.S. 43:31(D), the state and statewide systems, and the members of the boards thereof, may disseminate factual information relative to legislation being considered by the legislature.
Moreover, it is pertinent to recognize the restrictions of R.S. 24:50, et seq. relative to lobbying before the legislature, and which specifies in R.S. 24:53 that the provisions shall only apply to persons who are "lobbyists" which is defined in R.S. 24:51 as a person employed or who receives compensation to lobby. Consequently, if the board members are not employed to lobby or do not receive compensation to lobby, the provisions of R.S. 24:50, et seq. are inapplicable to such board members.[4]
As you noted, and we concur, members of the boards of the state and statewide systems are not employees of the retirement systems; accordingly, the provisions of R.S. 24:56 are inapplicable to the members of the boards. R.S. 24:56 prohibits state employees in their official capacity or on behalf of their employer from lobbying for or against any matter intended to have the effect of law pending before the legislature or any committee thereof. However, this statute does not prohibit the dissemination of factual information relative to any such matter.
As stated in Op.Atty.Gen. 99-65, "in order for our democracy to function efficiently and effectively there must be a free flow of information at all levels of government. It is impossible for federal, state and local officials to be responsive to the needs of their constituents by working in a vacuum. Thus, it is not uncommon for public officials to exchange ideas and information through various forms of communication, including written correspondence, telephone conference calls, E-mail and personal audience. Such discourse is essential."
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
DATE RELEASED: May 14, 2003
 MARTHA S. HESS, ASSISTANT ATTORNEY GENERAL
[1] Louisiana State Retirement System v. State, Dept. of Justice,423 So.2d 73 (La.App. 1st Cir. 1982), Op.Atty.Gen. Nos. 94-44, 93-676, 86-183.
[2] Op.Atty.Gen. No. 98-33.
[3] Op.Atty.Gen. No. 94-44, 93-676.
[4] See Op.Atty.Gen. 99-33.