Dear Mr. Hamilton:
You have requested this office to issue an advisory opinion regarding the appropriate action in a circumstance where a former unclassified employee of the Louisiana Community and Technical College System has transferred to employment with another higher education system without a break in service.
Executive Order MJF 98-23 covers rules and policies concerning unclassified state employee leave. Section 1 of the executive order makes it applicable to "all officers and employees in the unclassified service of the executive branch of the State of Louisiana with the exception of . . . the officers and employees of a system authorized by the Louisiana Constitution or legislative act to manage and supervise its own system." The Louisiana Community and Technical College System (LCTCS) was given the power to manage and supervise its own system by La.R.S. 17:1871(B)(1). Regarding the other systems of higher education, all fall within the above exception (LSU and Southern University are covered by La. Const. Art. VIII, § 7(A); all others fall within La. Const. Art. VIII, § 6(A). Also, Title 17 of the Revised Statutes grant this power to the systems). Thus, the LCTCS falls within the exception of the executive order.
Therefore, the particular rules of the agencies will be the guide. LCTCS requires that accumulated unused annual and sick leave be forwarded to the gaining agency "upon request of the gaining agency." However, in this particular instance, the gaining agency, by rules adopted by its Board of Supervisors, only permits acceptance of transferred employee's sick leave balances but not his/her annual leave balances. Upon realizing that the gaining agency would not accept the hours, the employee has requested that he/she be paid, in a lump sum, for up to 300 hours of accrued annual leave by the LCTCS. This parallels the provision provided by Executive Order MJF 98-23, § 10, which states that:
 Upon the resignation, death, removal, or other final termination from state service of an unclassified officer or employee, the officer or employee's accrued annual leave shall be paid in a lump sum, up to a maximum of three hundred (300) hours, disregarding any final fraction of an hour.
La.R.S. 42:421(B) also states that an unclassified
 Employee or ex-employee of the state or of any state agency may be paid for accrued annual leave . . . after his separation from his office or employment if the annual leave has been accrued under established leave regulations and an attendance record has been maintained for the employee by his supervisor.
The First Circuit also concluded that § 421 of the statute only applies to employees after their separation from employment or retirement. Shea v. Louisiana State Employee's Retirement System,521 So.2d 614 (La.App. 1 Cir. 1988), writ denied, 523 So.2d 235. Attorney General's Opinion No. 88-316 also reinforces the fact that La.R.S. 42:421
governs unclassified employees and that they are entitled to receive a lump sum of compensation for annual leave only upon retirement and separation.
There seems to be nothing in the policies of the LCTCS or the gaining higher education board that would demand they make a payment in lump of the accrued annual leave. The Constitution and the laws of this state give these agencies the power to control their own institutions and systems, therefore their policies would prevail. The LCTCS would be within their rights to establish a policy to pay accrued annual leave if the policy was formally established and records of attendance kept, as per the statute. La. Atty. Gen. Op. No. 89-191.
Attorney General Opinion No. 76-587 has also reinforced the fact that upon separation from one position in state government to another that did not permit accrual of leave, those employees could only be compensated for accrued unused leave ". . . when they ceased to be employed by the state of Louisiana in any capacity whatsoever . . . ." See also La. Atty. Gen. Op. No. 86-768 and 84-842. Because there were no established policies demanding the payment in lump be made, La.R.S. 421 dictates that the demand should only follow separation or retirement. The First Circuit and opinions of this office also agree with this reading of the statute. Upon contract with the LCTCS, it should have been understood that the hours accrued during employment as annual leave would only be transferred upon the request of the gaining agency. There exists nothing in the policies of the LCTCS that demands his/her accrued annual leave would automatically be transferred.
It has been suggested that the system should hold the accumulated unused annual leave in abeyance until such time as the individual terminates his/her active duty status. La. Atty. Gen. Op. No. 84-842 states that under La.R.S. 42:421, "accrued annual leave of a state employee is not lost because he or she transfers to a state agency where annual leave is not accrued. However, compensation for annual leave is made only when an employee ceases to be employed by the State of Louisiana." The statute would therefore permit the abeyance of accumulated unused annual leave until complete separation or termination from state employment.
We are confident that our opinion will answer any questions you have regarding this matter. If you have any other inquiries or questions, feel free to contact this office at your convenience.
If you need additional information, please do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By:________________________ CHARLES H. BRAUD JR. Assistant Attorney General
RPI:CHB,JR./sfj
DATE RELEASED: August 14, 2003