Dear Mr. Glusman:
The Greater Baton Rouge Port Commission questions if it may receive the common stock of a reorganized company as payment of a debt owed to the Port. The Port also questions by what procedure may it sell the stock it receives and further questions if it may sell its claim prior to the time it receives the stock.
In this instance, the Port is owed a debt by a private entity. The entity filed for bankruptcy in January of 2004. The Port filed a proof of claim and the entity objected to the Port's claim. The Bankruptcy Court resolved the objection by placing the Port's claim into the pool of unsecured debt. The bankruptcy reorganization plan results in the unsecured debtors each receiving a percentage of common stock of the entity. The plan has been approved by the Bankruptcy Court. Thus, the Port will receive the stock as payment of a debt. It will not hold the stock for investment purposes. Rather, it plans to liquidate the stock as quickly as possible.
Article 7, Section 14A of the Louisiana Constitution prohibits the state or any of its political subdivisions from loaning, pledging, or donating anything of value to any person, association, or corporation. It also prohibits the state from subscribing to or purchasing the stock of a corporation, association or any private enterprise. The purpose of this constitutional prohibition of subscribing to or purchasing stock is to disallow the use of public funds for private investment.[1]
The Port is not subscribing to or purchasing the stock for investment purposes. Rather, it will accept the stock as payment of a debt due as ordered by the Bankruptcy Court. It is our opinion, therefore, that the Port may accept the stock. To do otherwise may violate Article 7, Section 14 of the Constitution because the Port would be giving up its claim, something of value, when it is under no obligation to do so. That prohibition is at the heart of Article 7, Section 14.
You question if the Port must utilize Louisiana's public bid laws should it decide to sell the stock it receives. In short, we do not believe the public bid law would apply in this instance. You indicated that generally the Port does not sell stock directly. It sells the stock through a broker pursuant to a professional stock sale contract. Contracts for services, professional or otherwise, are not required to be bid under the public bid law.[2] We believe the hiring of a broker is a contract for professional services. Our office recommends that although there is no specific method for the award of contracts for services the Port use a request for proposals to evaluate potential contractors.[3]
It is also our opinion that the Port may sell its bankruptcy claim. We understand that the Bankruptcy Code specifically allows for this. We do note that the value of the claim should be commensurate with the price in light of Article 7, Section 14 of the Constitution.
With kindest regards,
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 TINA VICARI GRANT Assistant Attorney General
CCF, jr./TVG/dam
[1] Louisiana State Employees' Retirement System, et al,423 So.2d 73 (La.App. 1st. Cir. 1982), writ denied, 427 So.2d 1206.
[2] Lafourche Parish Water District No. 1 v. Carl HeckEngineers, Inc. 346 So.2d 769 (La.App. 1st Cir. 1977)
[3] Attorney General Opinion No. 02-0152.