Dear Mr. Bujol:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Louisiana School Retirement System (LSERS), you have asked for our opinion on several matters related to the general authority of LSERS.
According to your request, LSERS was created under the authority of Article X, Section 29 of the 1974 Louisiana Constitution. Pursuant to statute, LSERS is placed under the management of a Board of Trustees (Board) which has the specific mandate to manage the members' funds for the exclusive purpose of providing benefits and paying administrative expenses. See La.R.S. 11:264.4. Pursuant to this authority, you have indicated that the Board has invested in many forms of assets for the system and has purchased two (2) vehicles for use by LSERS.
Your request goes on to indicate that the Division of Administration (DOA) through the Louisiana Property Assistance Agency (LPAA) has declared these two (2) vehicles "underutilized" and has directed LSERS to surplus one (1) of the vehicles. LSERS questions the authority of the DOA to make this demand and seek an opinion from our office regarding the same. As a retirement system, LSERS is of the opinion that its funds are neither public nor state funds. Instead, LSERS funds consist of contributions made by individual members along with matching contributions by the employer which are considered to be a fringe benefit or additional compensation. As such, according to LSERS, the funds belong to the members of the system and the state has no proprietary interest in the funds. As support of this position, you cite the Louisiana First Circuit Court of Appeal decision in Louisiana State Employees'Retirement System, et al v. State of Louisiana through theDepartment of Justice, et al,423 So. 2d 73 (La. App. 1 Cir. 1982). *Page 2 
In Louisiana State Employees' Retirement System, supra, the Louisiana First Circuit Court of Appeal stated the following with respect to funds belonging to the State Employees' Retirement System:
 "The funds involved here consist of contributions made by the individual members of the retirement systems and matching contributions by the State. The State contributions are in the nature of fringe benefits or additional compensation. The funds here belong to the members of the systems. Neither the State nor the general public has any proprietary interest in same. These funds are in trust for the members of the systems. Construing the article in its entirety, we hold that the constitutional aim was to prohibit the use of public/state funds for private investment, but that funds belonging to these retirement systems are not public/state funds as contemplated by Article 7, Section 14(A), and appellees may invest same in accordance with the statutory authority vested in them in La.R.S. 42:647, La.R.S. 17:671, La.R.S. 17:961, and La.R.S. 17:1288."
Specifically, LSERS asks for our opinion on the following questions:
 1. Since the Constitution specifically reserves authority over LSERS assets to the system Board of Trustees, can the DOA, specifically the LPAA, exercise any authority over LSERS' automobiles?
 2. Would the actions of the DOA enforcing the provisions of Title 39 of the Revised Statutes be an infringement on the authority granted by the Constitution of 1974 to the Board of Trustees?
In Attorney General Opinion No. 05-0456, our office addressed an issue somewhat similar to the one currently presented. There, we were asked whether or not the Firefighters' Retirement System and the Municipal Police Employees' Retirement System fell under the jurisdiction of the DOA through the LPAA. Ultimately, we opined that since both systems consisted of local employees and employers, they were not considered to be "Agencies" as defined under the LPAA. As such, neither system was under the jurisdiction of the DOA through the LPAA. In our analysis, we specifically recognized that the DOA was statutorily charged with the management of state property. See La.R.S. 39:321, et. seq. However, we also recognized that the statutes pertaining to property control were not absolute, and in fact contained an exemption for local governments, governing bodies, officers or subdivisions of the state. We stated the following:
 "The statutes pertaining to property control specifically define agency as follows: *Page 3 
 (1) "Agency" means any state office, department, board, commission, institution, division, officer or other person, or functional group, heretofore existing or hereafter created, that is authorized to exercise, or that does exercise, any functions of the government of the state, but not any governing body or officer of any local government or subdivision of the state, district attorney, sheriff, or any parochial officer who exercises functions coterminous with the municipality in which he performs those functions. (Emphasis added).
 Thus, the law exempts local governments, governing bodies, officers or subdivisions of the state.
 * * * The Firefighters' Retirement System and the Municipal Police Employees' Retirement System consist of local employees and employers and therefore are not agencies as defined under the LPAA."
Turning attention now to the issue currently presented, it is clear that the statutory provisions pertaining to LSERS specifically classify the system as a state agency.[1] Consequently, the conclusion contained in Attorney General Opinion No. 05-0456 is not directly on point. Notwithstanding, we are of the opinion that the holding of Louisiana State Employees' Retirement System,supra, is on point and is controlling. Accordingly, we are of the opinion that the funds belonging to LSERS, as well as any assets resulting from the investment of these funds, are neither public or state funds nor are they public or state property. As such, we believe the management of such property is not controlled by the provisions of La.R.S. 39:321 et seq, and it is our opinion that LSERS does not fall under the jurisdiction of the DOA through the LPAA for purposes of La.R.S. 39:321 et seq. *Page 4 
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General
 JDC/MJV/crt
[1] LSERS is established at La.Rev.Stat. 11:1001 which provides that the system "shall be a state agency . . . and shall have the powers and privileges of a corporation".